DAVID, J.,
dissenting.
A jury convicted Webb of murdering Reyes after a trial court denied Webb’s request for a jury instruction on the lesser included offense of reckless homicide. I agree with the trial court, and therefore respectfully dissent. As the trial court said,
[h]e has denied the act, period. When he denies the act, he cannot then take advantage of the inherent lesser and say, well, even if they think I’m a liar and think I did it, I’m entitled to the lesser because for this argument the judge should assume that I was lying also and give me that but then give me the benefit of the lesser.
I agree with the majority that the issue here is the third prong of the Wright test, to “look at the evidence presented in the case by both parties” to determine if there is a serious evidentiary dispute about the element or elements distinguishing the greater from the lesser offense, and thus, if a jury could conclude that the lesser offense was committed but not the greater. Wright v. State, 658 N.E.2d 563, 567 (Ind.1995). However, I find the cases cited in the majority opinion to be distinguishable from the facts before us today.
In Champlain v. State, 681 N.E.2d 696 (Ind.1997); Wilson v. State, 697 N.E.2d 466 (Ind.1998); and Young v. State, 699 N.E.2d 252 (Ind.1998), the defendant in each case did not testify. In Fisher v. State, which the majority opinion also cites today, the defendant testified that he did not intend to shoot the victim and was only “playing around” with the gun. 810 N.E.2d 674, 680 (Ind.2004). Furthermore, Fisher testified after the gun discharged, he “started screaming, I’m sorry, I’m sorry” and called for an ambulance. Id. Similarly, had Webb testified to his mens rea at the time of the crime, he would have been entitled to the lesser included instruction.
I find the present case analogous to Wilson, in which the defendant proffered an insanity defense. 697 N.E.2d at 474. In concluding the trial court correctly refused Wilson’s reckless homicide instruction, this Court said, “[bjecause a successful insanity defense would make Wilson nonculpable for any offenses he may have committed, the insanity defense cannot be the mechanism to demonstrate dispute entitling him to a lesser included instruction.” Id. at 475. The logic is analogous to our majority holding today, that had the jury believed Webb’s testimony, they could have found him not guilty, similar to if a jury had believed Wilson’s insanity defense, he would have been not culpable for any offense he committed.
I believe to require the trial court to give the lesser included jury instruction when Webb claims under oath at trial that he was not present and therefore not the shooter would result in a farce upon the trial court. It would be giving Webb the opportunity to testify that he was not there and could not have committed the crime, but that if the jury believed he was there, then he didn’t intend to kill her.
The defendant chose to testify. He did not have to and certainly if he had not, no adverse inference could have been drawn. In fact, had he not testified, he most certainly would have been entitled to the less *1110 er included instruction. However, he chose to testify. That was his choice. His testimony was that he was not there. He should not be allowed to make a mockery out of the state’s burden of proof and argue to a jury he was not there, but if he was, he didn’t have the necessary intent. For these reasons, I respectfully dissent.
SHEPARD, C.J., joins.